**Ijaz AHMED, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 05–2831–ag.

United States Court of Appeals, Second Circuit.

June 1, 2006.

Thomas H. Nooter, New York, NY, for Petitioner.

Steven K. Mullins, United States Attorney, District of South Dakota, Michael E. Ridgway, Assistant United States Attorney, Sioux Falls, SD, for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. JOSÉ A. CABRANES and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Ijaz Ahmed, a native and citizen of Pakistan, petitions for review of a May 2005 order of the Board of Immigration Appeals ("BIA"), denying his motion to reopen his

removal proceedings in which, in April 1997, the BIA affirmed the decision of Immigration Judge ("IJ") Annette Elstein denying his application for asylum and withholding of removal. We assume the parties' familiarity with the facts of this case, its procedural posture, and the decision below.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur,* 413 F.3d at 233–34.

■ As an initial matter, Ahmed petitions from the BIA's May 2005 decision denying his motion to reopen his removal proceedings. Because Ahmed has not filed a separate petition for review from the BIA's June 2005 denial of his motion for reconsideration, or the BIA's April 1997 order affirming the IJ's denial of his application for asylum and withholding of removal, this Court lacks jurisdiction to review those decisions. *See Zhao v. United States Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (quoting *Stone v. INS,* 514 U.S. 386, 405, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995)).[1]

■ As a secondary matter, Ahmed's petition fails to raise any legal (as distinguished from fact-based) argument challenging the denial of his motion to reopen. His appeal of the decision on legal grounds is therefore waived. *See Yueqing Zhang*

---

1. We note that on April 11, 2006, more than nine months after the BIA denied petitioner's motion to reconsider, petitioner filed a motion to amend his petition to include an appeal from the BIA's June 2005 decision. The Court has denied that motion by order entered May 30, 2006.

**116**

*v. Gonzales,* 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005). However, assuming, as we do, that Ahmed has not waived his challenge to the BIA's May 2005 order, the BIA did not abuse its discretion by denying the motion.

A motion to reopen must be filed within ninety days of the final administrative decision; a motion failing to comply with these time and numerical limitations, however, may be brought where the alien can establish "changed country conditions" in his country of origin, and offers materials that were unavailable and could not have been discovered or presented at his removal hearing. 8 U.S.C. § 1229a (c)(7)(C) (2005); 8 C.F.R. § 1003.2(c)(2)-(c)(3)(ii) (2005).

Here, in the first instance, the BIA correctly found that the motion to reopen was untimely, as it was filed more than seven years after the BIA's April 1997 order affirming the IJ's denial of his application for asylum and withholding of removal. Moreover, the BIA correctly found that Ahmed had failed to satisfy his "heavy burden" of showing that changed country conditions in Pakistan warranted the reopening of his removal proceedings. In his motion to reopen, Ahmed vaguely and unspecifically argued that the country conditions in Pakistan, with the installation of General Musharraf's military regime, had changed significantly since his departure to the extent that he was prevented from returning to Pakistan because of his pro-democracy activities. It is clear that the BIA examined Ahmed's evidence, which consisted of letters and photographs reflecting his active participation in the pro-democracy Muslim League, and his personal statement that he has been active in the pro-democracy movement since arriving in the United States. We cannot say, based on the materials presented and the arguments made in connection with the motion to re-open, that the BIA abused its discretion in finding that Ahmed did not meet his heavy burden of proving that changed country conditions would subject Ahmed to persecution if he were returned to present-day Pakistan. Accordingly, the BIA properly denied the motion to reopen, and the petition to this Court from that denial is without merit.

For the foregoing reasons, the petition is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).